Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000584
10-NOV-2015
09:07 AM

NO. CAAP-15-0000584

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ASSOCIATION OF OWNERS OF KALELE KAI, Plaintiff/Counterclaim-
Defendant/Appellee, v. HITOSHI YOSHIKAWA,
Defendant/Counterclaimant/Third-Party Plaintiff/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 15-1-0102-01 KTN)

ORDER
GRANTING SEPTEMBER 10, 2015 MOTION
TO DISMISS APPELLATE COURT CASE NUMBER
CAAP-15-0000584 FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Association of Owners of Kalele Kai's (Appellee
Association of Owners of Kalele Kai) September 10, 2015 motion to
dismiss appeal for lack of appellate jurisdiction, (2) Defendant/
Counterclaim-Plaintiff/Third-Party Plaintiff/Appellant Hitoshi
Yoshikawa's (Appellant Yoshikawa) September 17, 2015 memorandum
in opposition to Appellee Association of Owners of Kalele Kai's
September 10, 2015 motion to dismiss appeal for lack of appellate
jurisdiction, (3) the September 23, 2015 order authorizing
Appellee Association of Owners of Kalele Kai to file a reply
memorandum, (4) Appellee Association of Owners of Kalele Kai's
reply memorandum in support of Appellee Association of Owners of
Kalele Kai's September 10, 2015 motion to dismiss appeal for lack
of appellate jurisdiction, and (5) the record, it appears that we
lack appellate jurisdiction over Appellant Yoshikawa's appeal
from the Honorable Karen T. Nakasone's August 14, 2015 "Findings

of Fact, Conclusions of Law, and Order Granting Motion for Summary Judgment Filed 3/17/15 and Injunction Against Hitoshi Yoshikawa" (the August 14, 2015 summary judgment order), because the circuit court has not yet reduced the August 14, 2015 summary judgment order to a separate judgment.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014 authorizes appeals to the Hawaiʻi Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawaiʻi Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted). On October 13, 2015, the circuit court clerk filed the record on appeal for appellate court case number CAAP-15-0000584, which does not include a final judgment on the August 14, 2015 summary judgment order. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), the August 14, 2015 summary judgment order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, or HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (regarding

2

the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment on the August 14, 2015 summary judgment order, we lack appellate jurisdiction and Appellant Yoshikawa's appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellee Association of Owners of Kalele Kai's September 10, 2015 motion to dismiss appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000584 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 10, 2015.


Chief Judge


Associate Judge


Associate Judge